# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Civil No. 99-713 BB/WWD
                                                  Crim. No. 98-337 BB

VICTOR HUGO NAVARRO,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 23, 1999. Petitioner is incarcerated and is proceeding *pro se*. He was arrested along with a co-defendant at a Border Patrol Checkpoint in Alamogordo, New Mexico after a search by agents uncovered a total net weight of 128.38 kilograms of marijuana stashed in the back of a white Shippers truck they were driving.

    2. On August 14, 1998, a trial jury convicted Navarro and co-defendant Fernando Razo-Ortega ("Razo") of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, contrary to 21 U.S.C. § 846 (Count I in the Superseding Indictment), and possession with intent to distribute more than 100 kilograms of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 (Count II). Navarro was sentenced to 68 months imprisonment. Petitioner has not filed a direct appeal of either his conviction or sentence.

3. Petitioner alleges four grounds for relief:[1]

(1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;
(2) counsel was ineffective for failing to file a motion to suppress;
(3) counsel was ineffective for failing to seek grounds for downward departure;
(4) counsel was ineffective for failing to preserve Petitioner's appeal rights regarding a) evidence being obtained by unconstitutional means; b) an evidentiary hearing; and c) obtaining downward departure of his sentence.

**First and Second Grounds**

4. Petitioner first contends that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Federal habeas corpus relief is not available to redress this claim as presented, i.e., as a violation of the Fourth Amendment exclusionary rule when Petitioner had a full and fair opportunity to litigate the claim. See Stone v. Powell, 428 U.S. 465 (1976); Withrow v. Williams, 113 S.Ct. 1745 (1993). However, as the Governments points out, the claim may be reviewed under a theory of ineffective assistance of counsel.

5. To prove his counsel was constitutionally ineffective, Navarro must show that his counsel's performance was deficient and he was prejudiced by the deficiency. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Gray, 182 F.3d 762, 767 (10th Cir.1999). Because counsel cannot be considered ineffective for failing to raise meritless claim, I look at the merits of the underlying Fourth Amendment claim. See U.S. v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991), abrog. on other grds., Florida v. White, 526 U.S. 559, 119 S.Ct. 1555 ( May 17, 1999).

6. Razo was driving the truck in which Navarro was riding when it entered the

---

[1] Petitioner lists three grounds in his petition, but the second ground contains two bases for ineffective assistance of counsel. Petitioner filed a supplement to his petition, which I have considered in making my findings. See docket # 2.

checkpoint. The Presentence Report ("PSR," Gov't Ex. 1) states that the agent noted Razo's nervousness on asking him questions about the cargo and manifest ("PSR") at 3-4. The agent inspected the manifest and inquired about the place on the manifest which had been whited-out, then inquired about and inspected the seal on the back of the truck which was found to come loose because it was not completely pushed into the fastening part of the seal. At this point, the agent walked back up to the front of the truck and asked Razo if he could search the truck.

    7. Razo consented verbally to the search and another agent then joined the first in inspecting the trailer, uncovering 68 bundles of marijuana stored in six duffle bags which had been secreted among the auto parts Razo said he was hauling. Razo's consent to the search rendered the search and seizure constitutionally valid. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); U.S. v. Santurio, 29 F.3d 550, 552 (10th Cir. 1994) (valid search may be made of a vehicle without a warrant or probable cause when a person in control of the vehicle has given his voluntary consent to search). There is no evidence to indicate, nor has Petitioner alleged or otherwise shown, that Razo's consent was involuntary or coerced.

    8. Further, there is no evidence to indicate that Razo was not in a position to consent to the search of the trailer. See United States v. Arango, 912 F.2d 441, 445 (10th Cir.1990) (standing found to exist where defendant established a slight connection to the owner). He was driving the truck at the time and was one of two people (including Navarro) who were responsible for the safe shipment of a legitimate load of auto parts. Although Petitioner does not state his claim specifically as a challenge to this consent, I note (as does the Government's brief) that he

would lack standing to do so.[2]  Relief on this ground should be denied.

**Third Ground**

9.  Petitioner alleges that counsel was ineffective for failing to seek grounds for downward departure. Generally, the burden is on a defendant, or in this case, the Petitioner, to show that any downward departures would have been warranted. United States v. Ayers, 84 F.3d 382, 383 (10th Cir.1996).

10.  Navarro requests a 12- level downward departure and a sentence of "15 months of incarceration, with boot camp, drug program and or Home detention." Supp. to Pet. at 8. He contends that he is entitled to these departures due to his employment history, the aberrant nature of his criminal conduct, and his exceptional family circumstances.

11.  Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S. v. Archuleta, 128 F.3d 1446, 1451 (10th Cir. 1997).

12.  An employment record is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, although it may be relevant in determining the conditions of probation or supervised release. U.S.S.G. § 5H1.5 (Guidelines Manual, Policy Statement). Thus, counsel's failure to file a motion for downward departure on this basis cannot

---

[2] Navarro was in the sleeper of the truck when the search began. PSR at 4; see U.S. v. Rith, 164 F.3d 1323, 1328 (10th Cir. 1999) (citing U.S. v. Matlock, 415 U.S. 164 (1974)) ("the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared").

4

be considered ineffective assistance.

13. Navarro argues that his behavior resulting in his conviction was aberrant. However, although he had no prior criminal history of drug dealing, lack of criminal history itself cannot be used as a basis for downward departure. Petitioner's criminal history was already accounted for within the calculation of the criminal history category, with Category I fixed as a set point for first offenders with the lowest risk of recidivism. See U.S. v. Gallegos, 129 F.3d 1140, 1145 (10th Cir. 1997). Thus, a departure below the lower limit of the guideline range for Criminal History Category I is not appropriate. Id.; USSG S 4A1.3, p.s.; see also United States v. Maldonado-Campos, 920 F.2d 714, 719 (10th Cir. 1990).

14. Further, Navarro's conduct does not appear to be what courts have in mind when considering "aberrant" behavior. The fact that Petitioner has no prior criminal history does not qualify his criminal conduct as a "single instance" of aberrant behavior. As the Government points out, Navarro failed abysmally at a polygraph test, particularly the question relating to prior involvement in marijuana trafficking, belying his contention that his present criminal conduct was completely out of character. Resp., Ex. 3.[3] In fact, at the sentencing hearing, Judge Black noted Navarro's continued post-trial deception. Resp. Ex. 2 at 9.[4] Also, Navarro's criminal conduct was far from spontaneous and lacking in planning -- he and Razo had driven for three days before they were stopped at the checkpoint. See U.S. v. Winters, 105 F.3d 200, 206-207 (5th Cir.

---

[3] A total score of minus 6 or larger (smaller in negative numbers) are reported as deceptive. Navarro's total score was a minus 26. Similarly, the threshold for individual questions is a minus 3. Navarro's score on the question concerning prior drug trafficking participation was minus 7.

[4] Judge Black commented, "Well, Mr. Navarro, I would be much more impressed . . . if the record did not indicate that you were still being deceptive after the trial." Ex. 2 at 9.

1997) (requiring that act supporting downward should be a "single act of aberrant behavior," relatively spontaneous and without substantial planning).  Because Navarro's counsel cannot be considered ineffective in failing to file a motion for downward departure based on aberrant behavior, relief should be denied on this ground as well.

15. Neither are Petitioner's family circumstances such that would have warranted a downward departure from the Guidelines, based on my review of cases which have held downward departure to be warranted.  See Archuleta, 128 F.3d at 1452, n. 10, 11.  The Guidelines provide that "[f]amily ties ... are not ordinarily relevant in determining whether a sentence should be outside the applicable Guideline range."  U.S.S.G. § 5H1.6, cited in U.S. v. Winters, 105 F.3d 200, 208 (5th Cir. 1997).  Additionally, the Sentencing Commission considered and expressly discouraged sentencing courts from departing from the Guidelines on the basis of either employment records or family ties.  Winters, 105 F.3d at 208;[5] see Koon v. United States, --- U.S. ----, ----, 116 S.Ct. 2035, 2045 (1996) (factors such as family ties may be relied upon only "in exceptional cases"), cited in U.S. v. Winters, 105 F.3d 200, 206-207 (5th Cir. 1997).

16. There is nothing in Navarro's circumstances which takes his situation outside the "heartland of the sentencing guidelines" to justify a departure.  Navarro has three children, ages 9, 13 and 18 (attending college) whom he is close to, and a wife who does not work and depends on him financially.  These are not exceptional circumstances.  See Archuleta at 1451 (defendant's

---

[5] 28 U.S.C. § 994(e) provides, in relevant part, that the "Commission shall assure that the Guidelines and Policy Statement, in recommending a term of imprisonment or length of a term of imprisonment, reflect the general inappropriateness of considering the ... employment record ... [and] family ties ... of the defendant."

circumstances must be extraordinary, not just unusual).[6]

17. The Government points to additional reasons why the sentencing court would not have looked favorably upon a motion for downward departure: the amount of marijuana involved in the offense (100 kg.) carried with it a mandatory minimum of 160 months; even though the guideline range was 63-78, Judge Black sentenced Petitioner to the middle of the range (68 months); and Navarro had failed to qualify under 18 U.S.C. § 3553(f)(1) - (5) because he had not provided the Government with the information regarding the offense. See Ex. 1 (PSR) at 12. The evidence shows clearly that counsel was not ineffective for failing to file motions for downward departure based on either employment history, aberrant criminal conduct or family circumstances, and thus relief should be denied for this claim.

**Fourth Ground**

18. Last, Petitioner contends that counsel was ineffective for failing to preserve Petitioner's appeal rights regarding a) evidence being obtained by unconstitutional means; b) an evidentiary hearing; and c) obtaining downward departure of his sentence. None of these allegations have merit.

19. When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, the Court examines the merits of the omitted issue. See United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir.1993). If the omitted issue is without merit, counsel's failure to raise it "does not constitute constitutionally ineffective assistance of counsel." Id. at 1084 n. 5; See United States v. Cook, 45 F.3d 388, 394 (10th Cir.1995).

---

[6] Petitioner's reliance on U.S. v. Jones, 158 F.3d 492, 504 (10th Cir. 1998) is misplaced. The Jones court found a combination of factors to be present, including recommendation of downward departure in the Presentence Report, unlike the present case.

7

20. The first and third issues which Petitioner contends should have been preserved for appeal by trial counsel (evidence being obtained by unconstitutional means and filing motions for downward departure of his sentence) have already been considered in my findings: The search was carried out upon authorized consent and the evidence which resulted and which was used against Petitioner was constitutionally obtained; and Navarro's sentence did not result from any constitutional deficiency or ineffective assistance on the part of counsel regarding attempts at downward departures. Thus, because these allegedly omitted issues are without merit, Petitioner's claim of ineffective assistance on these grounds must fail.

21. Because the claims can be resolved on those parts of the record presently before the Court, Navarro is not entitled to an evidentiary hearing. Shillinger v. Haworth, 70 F.3d 1132, 1138 (10th Cir.1995); Foster v. Ward et al.,182 F.3d 1177 (10th Cir. 1999). He has not met his burden of alleging facts which, "if proved, would entitle him to relief." Brecheen v. Reynolds, 41 F.3d 1343, 1361, 1362 (10th Cir. 1994), citing Townsend v. Sain, 372 U.S. 293, 312 (1963)). Accordingly, relief should be denied on this fourth ground.

**Recommendation**

I recommend that Petitioner's Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of

the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE